UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SANGO,

      Plaintiff,

v.                                              Case No. 2:16-cv-18
                                                                HON. GORDON J. QUIST

UNKNOWN SOHLDEN, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff prisoner Robert Sango filed two separate motions for a temporary restraining order (ECF No. 10 and ECF No. 12). Plaintiff filed this complaint on January 28, 2016, asserting that the Bloods and the Vice Lords were fighting for a two week period, during which at least ten prisoners were taken to segregation. Plaintiff's complaint alleges that on January 23, 2016, Corrections Officer Dessellier announced over a loud speaker: "prisoner Sango to stop sending snitch kites to staff about what Bloods and Vice Lords were left on the yard." Plaintiff asserts that he asked Defendant Sohlden for a grievance and expedited legal mail form. Defendant Sohlden allegedly told Plaintiff that "he wasn't going to go out of his way to do that." Plaintiff told Defendant Sohlden that the grievance forms were on a cart in the showers, and that Defendant Sohlden could get the form when he takes prisoners to showers. Defendant Sohlden allegedly told Plaintiff that he would not take Plaintiff to showers and if "you didn't get all this 'gang shit' started manipulated this young guys to fight, we would be at normal operation."

Plaintiff asserts that after he filed a lawsuit against Defendant Bastain in 2:15-cv-136, Defendant Bastain appeared in Plaintiff's prison unit and began telling all the prisoners that Plaintiff was one who started the Bloods and Vice Lords conflict. Plaintiff alleges that Defendant Bastain

refused to provide him with grievance forms. Plaintiff complains that Defendant Laplaunt refused to respond to Plaintiff's grievances.

On May 17, 2006, each Defendant returned an executed waiver of service. Plaintiff filed his first motion for a temporary restraining order on May 24, 2016. Plaintiff's second motion for a temporary restraining order was filed on June 8, 2016. Attorney Kevin Himebaugh appeared on behalf of each Defendant on July 1, 2016.

Plaintiff asserts that this is one of several cases that he has filed in this court where Defendants retaliated against him immediately after he filed his federal lawsuit. ECF No. 10. Plaintiff states that Defendant Sohlden never worked as a regular officer in his prison unit. On March 3, 2016, the day after Plaintiff received the order that he could proceed *in forma pauperis*, Defendant Sohlden was assigned to work in Plaintiff's prison unit. Plaintiff surmises that Central Facility Administration Legal Affairs Section notifies the local warden about legal orders and filings from the court docket so that the warden can assign staff solely for the purposes of retaliation.

Plaintiff claims that Defendant Sohlden tried to force Plaintiff to sign a document conceding that Plaintiff was being dishonest in his court filings. Defendant Bruce Dessellier acted as a lookout, while Defendant Sohlden threatened to make Plaintiff drink a bottle of industrial disinfectant so that he could state that Plaintiff was in the porter closet trying to get drunk on disinfectant. Plaintiff asserts that both Defendants Sohlden and Dessellier laughed at him. Plaintiff promised to dismiss his lawsuit, but never signed the document. Plaintiff requests that the Court issue an order preventing Defendant Sohlden and Defendant Dessellier from working in Plaintiff's prison housing unit. Plaintiff alleges that Defendant Dessellier attacked him on July 11, 2016. On July 12, 2016, Plaintiff alleges that Defendant Dessellier approached him with a "shank." Plaintiff has requested protection from Defendant Dessellier.

Plaintiff also requests an order preventing Defendant Todd Bastain from working in Plaintiff's prison housing unit. ECF No. 12. Plaintiff complains that Defendant Todd Bastain poisoned his food while Plaintiff was housed in segregation. Plaintiff was told to drop the issue of "poisoning." After Plaintiff refused, Defendant Bastain was reassigned by the warden to Plaintiff's prison unit solely to harass Plaintiff. Plaintiff asserts that Defendant Bastain continued to harass Plaintiff and had "a melt-down" because Plaintiff had filed so many lawsuits against him including 2:15-cv-100, 2:15-cv-106, and 2:15-cv-136. Plaintiff asserts that Defendant Todd Bastain is now Plaintiff's "Prison Counselor." Plaintiff asserts that Defendant Bastain indicated that he would send any prisoner to a lower security level as an incentive to stab Plaintiff.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

>  1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
>  2. Whether the movant has shown irreparable injury.
>
>  3. Whether the preliminary injunction could harm third parties.
>
>  4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*,

596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights. Plaintiff alleges that Defendants are denying him access to the courts and threatening him with physical harm. Plaintiff has simply made allegations against Defendants. Plaintiff's complaint alleges that Defendant Dessellier announced that Plaintiff is a snitch, and that Defendant Bastain stated that Plaintiff was one who incited the conflict between the Bloods and the Vice Lords. Plaintiff further alleged that he was denied grievance forms by Defendants. This Court should not interfere with the management of prisoners. The MDOC determines how to staff the prisons and where corrections officers are assigned. In the opinion of the undersigned, Plaintiff has not demonstrated a strong or a substantial likelihood of success on the merits of his claim. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary

relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motions (ECF No. 10 and ECF No. 12) for injunctive relief be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   July 21, 2016                             */s/ Timothy P. Greeley*
                                                   TIMOTHY P. GREELEY
                                                   UNITED STATES MAGISTRATE JUDGE