UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SANGO #252200,

        Plaintiff,

v.

UNKNOWN SOHLDEN, et al.,

        Defendants.
_____/

Case No.  2:16-CV-18

HON. GORDON J. QUIST

### ORDER ADOPTING
### REPORT AND RECOMMENDATION

On December 7, 2016, Magistrate Judge Greeley issued a Report and Recommendation ( R & R) recommending that the Court: (1) deny Plaintiff's motion for a temporary restraining order; (2) grant Defendants' motion to revoke Plaintiff's *in forma pauperis* status; (3) deny Defendants' alternative request to dismiss based on Plaintiff's failure to exhaust administrative remedies; and (4) grant in part and deny in part the Rule 12(b)(6) portion of Defendants' motion by denying the request to dismiss the Eighth Amendment claims against Defendants Dessellier, Sohlden, and Bastian and granting the request to dismiss the Eighth Amendment-shower claim against Defendant Sohlden and the retaliation claim against Defendant LaPlante.  (ECF No. 33.)

Plaintiff has filed an Objection to the R & R with regard to the magistrate judge's recommendation that the Court revoke Plaintiff's *in forma pauperis* status.

Having conducted a *de novo* review of the R & R, as well as Plaintiff's Objection, the Court concludes that the R & R should be adopted.

The R & R recommends that Plaintiff's *in forma pauperis* status be revoked because Plaintiff has at least three strikes against him and Plaintiff's allegations do not meet the "imminent danger of physical injury" exception in 28 U.S.C. § 1915(g).  The magistrate judge noted that Plaintiff's allegations of imminent danger of serious injury of physical injury in the instant case are similar to

those Plaintiff made in two other cases, in which Plaintiff was denied from proceeding *in forma pauperis*. The magistrate judge found Plaintiff's allegations in his complaint conclusory and speculative. (*Id.* at PageID.221.)

In his Objection, Plaintiff makes essentially two arguments for rejecting the magistrate judge's recommendation. First, he argues that because the magistrate judge concluded that Plaintiff's Eighth Amendment claims should survive dismissal pursuant to *Leary v. Livingston County*, 528 F.3d 438 (6th Cir. 2008), the magistrate judge should have concluded that Plaintiff's allegations also meet the imminent danger requirement. Plaintiff's argument fails because the issue in *Leary* was whether the plaintiff alleged a "sufficiently serious" harm for purposes of establishing an Eighth Amendment violation. *Id.* at 442. The court did not consider the imminent danger exception of § 1915(g) because it was not at issue. This is because the inquiries are different. One asks whether the plaintiff-prisoner suffered a sufficiently serious risk of harm at the time of the alleged violation, and the other inquires whether the plaintiff is in imminent danger of serious physical injury at the time the complaint is filed. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). Having reviewed the allegations in Plaintiff's complaint, the Court concurs with the magistrate judge's conclusion.

Second, Plaintiff argues that because Plaintiff was allowed to proceed *in forma pauperis* initially, the magistrate judge was required to identify where he erred in initially allowing Plaintiff to proceed *in forma pauperis* before later revoking that status. The Court disagrees. The fact that Plaintiff was allowed to proceed *in forma pauperis* initially does not mean that the magistrate judge was not permitted to take a closer look at the issue later in the proceeding when Defendants raised it by motion. The fact that Plaintiff's claims survived screening and that Plaintiff was permitted to proceed *in forma pauperis* does not mean that such decision is immune from reconsideration later. *See Brown v. United States*, 355 F. App'x 901, 907 (6th Cir. 2009) (noting district courts' inherent authority to reconsider orders at any time before the entry of a final judgment).

Therefore,

**IT IS HEREBY ORDERED** that the December 7, 2016, Report and Recommendation (ECF No. 33) is approved and adopted as the Opinion of the Court, and Plaintiff's Objection (ECF No. 34 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (ECF no. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status Under § 1915(g), or in the Alternative, to Dismiss Based on Failure to Exhaust Administrative Remedies or Qualified Immunity (ECF No. 21) is **GRANTED IN PART AND DENIED IN PART** as follows:

   a.   The motion is **granted** with regard to Plaintiff's *in forma pauperis* status in this case. Plaintiff's *in forma pauperis* status is **revoked**, and Plaintiff shall have **twenty-eight (28) days** to pay the entire $400 filing fee. If Plaintiff fails to pay the filing fee within that time, his complaint will be **dismissed without prejudice**.

   b.   The motion is denied with regard to exhaustion of administrative remedies.

   c.   The motion is **denied** with regard to Plaintiff's Eighth Amendment claims against Defendants Dessellier, Sohlden, and Bastian, and **granted** with regard to the Eighth Amendment-shower claim against Defendant Sohlden and the retaliation claim against Defendant LaPlante, which claims are **dismissed with prejudice**.

Dated: March 13, 2017             /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE